NO. 07-05-0369-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 5, 2007


 ______________________________



CRUZ TIJERINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406077; HONORABLE BRADLEY UNDERWOOD, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Cruz Tijerina filed a notice of appeal following his conviction for
possession of a controlled substance, cocaine, and the accompanying sentence of
incarceration. We agree with appointed counsel's conclusion that the record fails to show
any meritorious issue which would support the appeal and affirm the trial court's judgment.

 Appellant, while represented by counsel, entered an open plea of guilty to the
charged offense. Appellant waived his right to a jury trial and, following hearing, the trial
court rejected appellant's request to be placed on community supervision and assessed
punishment at five years confinement.

 Counsel for appellant has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and
procedural history of the case and evidence presented. In conformity with counsel's
obligation to support the appeal to the best of his ability, Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses four potential issues on
appeal and explains why they do not show reversible error. Counsel thus concludes the
appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson, 885 S.W.2d at 645. By letter, this court also
notified appellant of his right to submit a response to the Anders brief and motion to
withdraw filed by his counsel. Appellant has filed a letter with this court in which he
indicates he has been unsuccessful in finding any grounds to proceed with a response, 
and asks us to review the record.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 Our review of counsel's brief, including his discussion of potential appellate issues,
and the record convinces us that appellate counsel conducted a thorough review of the
record. We also have independently examined the entire record in the case to determine
whether there are any non-frivolous grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d at 511. We have found no such
grounds. After reviewing the record before us, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

 Accordingly, counsel's motion to withdraw is granted (1) and we affirm the judgment
of the trial court. 


 James T. Campbell

 Justice





Do not publish. 
1. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational"duty to inform appellant of his right to file a pro se petition for discretionary
review in the Court of Criminal Appeals. Ex parte Owens, 206 S.W.3d 670 (Tex.Crim.App.
2006).



Format="true" Name="Strong"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0395-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

NOVEMBER 16, 2010

 

______________________________

 

 

IN RE ALFRED LEE STONE, RELATOR

 

_________________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Relator, Alfred Lee
Stone, proceeding pro se and in forma pauperis, has filed a myriad of
documents and pleadings in this Court.[1]  Included within those documents is a pleading
entitled Original Writ of Mandamus, wherein
Relator requests this Court to compel the Honorable David L. Gleason, retired
judge of the 47th District Court of Potter County, Texas,[2] to
rule on a number of motions purportedly filed with the trial court.  In addition to seeking mandamus relief, by
separate correspondence received the same day, Relator has filed a Motion to Suspend Writ of Mandamus, requesting
this Court to suspend the writ of mandamus until a hearing is held and
"judgment" entered on his Motion
to Reform Judgment and Sentence.  For
the reasons expressed herein, we deny the request for mandamus relief, deny the
request to suspend this mandamus proceeding, and deny the motions ancillary to
this mandamus proceeding.

Background

            Each of the documents
filed by Relator relates to a prior conviction in cause number 31,986-A, in the
47th District Court in and for Potter County, Texas.  In that cause, Relator was sentenced to
twenty years confinement for the offense of aggravated assault.  The records of this Court reflect that on May
9, 1994, Relator filed a direct appeal of that conviction; however, on August
6, 1994, he filed a pro se motion to
dismiss the appeal.  By opinion dated November
1, 1994, issued in cause number 07-94-0185-CR, this Court
dismissed Relator's appeal, noting that no motion for rehearing would be
entertained and that mandate would immediately issue.  

            On January 6, 1997, Relator
filed a pro se motion requesting that
this Court "dismiss" its 1994 dismissal of his original appeal.  That motion was overruled for want of
jurisdiction by opinion dated January 8, 1997, issued in the same appellate
cause number.

            Underlying the documents
and pleadings filed by Relator in this proceeding is his attempt to again
challenge his 1994 aggravated assault conviction.  At the heart of those pleadings is Relator's Original Writ of Mandamus, wherein he
requests that this Court compel the Honorable David L. Gleason to hold a
hearing and rule on his pending "motions and pleadings."  Among other arguments, he asserts the
evidence in support of his conviction was legally insufficient, specifically,
the evidence to support the element of serious bodily injury.[3]  Relator also contends he was denied effective
assistance of counsel, denied an impartial jury, and was convicted on a
defective indictment.  Numerous other
documents relating to the appellate record in 1994 have also been filed.[4]  According to Relator's certificates of service,
most documents were filed in the trial court on or about July 6, 2010; however,
none of those documents bears a file stamp date.  On September 9, 2010, he filed a Notice of Mandamus against the Honorable
David L. Gleason and a Demand for
Performance.

Analysis

Initially, we note that Relator
has failed to comply with mandatory requirements of Rule 52.3 of the Texas
Rules of Appellate Procedure. 
Specifically, the numerous documents filed outlining the matters about
which he complains are not certified or sworn copies as required by Rule
52.3(k)(1)(A).  Neither do the motions
accompanying his petition for writ of mandamus bear a file stamp date
reflecting how long he has awaited rulings. 
A party proceeding pro se is not exempt from complying with rules
of procedure.  See Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).  While this reason alone would be a sufficient
basis for denying the relief requested, in the interest of judicial economy, we
deem it appropriate to address the merits of Relator's requested relief.

Standard of Review

Mandamus relief is an extraordinary remedy.  In re Southwestern Bell Telephone Co.,
L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  "Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law.@  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding) (quoting Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  To show entitlement to mandamus relief,
a relator must (1) show that he has no adequate remedy at law to redress the
alleged harm and (2) the act sought to be compelled is ministerial and does not
involve a discretionary or judicial decision. 
State ex rel. Young v. Sixth Judicial Dist. Court
of Appeals, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007); State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 (Tex.Crim.App. 2003). 
Relator's request fails in both respects.

Adequate
Remedy at Law

First, the right to appeal a
criminal conviction is created by statute. See Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 2006).  See also McKinney v. State,
207 S.W.3d 366, 374 (Tex.Crim.App. 2006).  Direct appeal is the avenue for appealing
sufficiency of the evidence.  McKinney,
207 S.W.3d at 374. 
There is but one direct appeal; "[t]here is no second bite at the direct
appeal apple."  King
v. State, 125 S.W.3d 517, 520 (Tex.Crim.App. 2003).  Appellant exercised his right to a direct
appeal in 1994 and voluntarily chose to have his appeal dismissed.  Relator had an adequate remedy at law by
direct appeal in 1994 to raise the issues he now attempts to present through this
original proceeding.  Mandamus will not
lie when there was an adequate remedy by appeal.  In re Entergy Corp.,
142 S.W.3d 316, 320 (Tex. 2004). 
Secondly, to the extent that Relator's complaints were not cognizable in
his direct appeal, he has had, and still has, the right to file a writ of
habeas corpus pursuant to article 11.07 of the Texas Code of Criminal
Procedure.[5]


Ministerial Act

            When a motion is
properly pending before a trial court, the act of considering and ruling upon
the motion is a ministerial act.  Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992).  The trial court has, however, a reasonable
time within which to perform its ministerial duty.  Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.BSan Antonio 1997, orig. proceeding).  Whether a reasonable period of time has
lapsed is dependent on the circumstances of each case.  Barnes v. State, 832
S.W.2d 424, 426, (Tex.App.BHouston [1st Dist.] 1992, orig. proceeding). 

            The party requesting
relief must provide a sufficient record to establish his entitlement to
mandamus relief.  See Walker, 827 S.W.2d at 837.  See also In re Bates,
65 S.W.3d 133, 135 (Tex.App.BAmarillo 2001, orig. proceeding).  The record must show that the motion of which
Relator complains was presented to the trial court and that it refused to
act.  See generally In re Villareal, 96 S.W.3d 708, 710 n.2
(Tex.App.BAmarillo 2003, orig. proceeding)
(filing something with the district clerk does not demonstrate that a motion
was presented to the trial court).  See
also In re Chavez, 62 S.W.3d 225, 228 (Tex.AppBAmarillo 2001, orig.
proceeding).   

            According to Relator's
documents, the motions he seeks to have us compel the trial court to rule on
were filed on July 6, 2010, and a demand for performance was filed on September
9th.  Assuming, arguendo, that the motions were brought to the attention of the trial
court, we decline to hold that this period of time constitutes an unreasonable
delay in which to perform a ministerial duty. 
Therefore, Relator has not
shown himself entitled to mandamus relief.

Motion to Suspend Writ of Mandamus and Ancillary Motions

            While
asking for mandamus relief, at the same time Relator has asked us to suspend
any mandamus relief.  Notwithstanding the
obvious incongruity of these requests, because Relator is not entitled to
mandamus relief, he has not, and cannot, show himself entitled to suspend the
granting of that relief.  For the same
reason, he has not, and cannot, show himself entitled to any motion relief
ancillary to his mandamus proceeding.

            Accordingly,
we deny the request for
mandamus relief, deny the request to suspend this mandamus proceeding, and deny
any motion relief ancillary to this proceeding. 


                                                                                    Patrick A. Pirtle

                                                                                          Justice

 











[1]Relator
has filed a document entitled Original
Writ of Mandamus, which we construe as a petition for writ of mandamus,
together with a Motion to Suspend Writ of
Mandamus, which we construe as a motion to abate the mandamus proceeding
initiated by his Original Writ of
Mandamus.  Additionally, Relator has
filed (1) a Motion to Supplement the
Record, (2) a Request for Service,
Filing of Papers, (3) a Motion to
Forward the Record, (4) a Motion to
Withdraw the Record on Appeal, (5) a Motion
for Judgment of Acquittal, (6) a Motion
to Reform Judgment and Sentence, and (7) a Request for Serving and Filing of Pleadings and Other Papers.  In addition to the documents purporting
to seek affirmative relief, Relator has filed an Affidavit of Inability to Pay Costs on Appeal, two separate
documents entitled Proof of Service, and
a document entitled Service of the Record
on All Parties.

 





[2]Judge
Gleason was succeeded by the Honorable Hal Miner, who has since been succeeded
by the Honorable Dan Schaap.  Rule 7.2(a) of the Texas Rules of Appellate
Procedure provides for an automatic substitution of a public officer where
appropriate.





[3]Legal
insufficiency and other arguments are raised in Relator's "Motion to
Reform Judgment and Sentence," "Motion to Vacate Judgment and
Sentence," and "Motion for Judgment of Acquittal."

 





[4]"Motion
to Withdraw Record on Appeal," "Request for Service and Filing of Papers,"
"Motion to Supplement Record," and "Motion to Expand the
Records."

 





[5]For
example, Relator's claim of ineffective assistance of counsel may be cognizable
by writ of habeas corpus.