**Steve Charles McKINNEY, Appellant**

v.

**The STATE of Texas.**

**Nos. PD–0594–05, 0595–05, 0596–05.**

Court of Criminal Appeals of Texas.

Nov. 15, 2006.

---

**53.** Appellant's Brief at 14–15.

Pheobe Smith, Houston, for appellant.

David C. Newell, Asst. D.A., Richmond, Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HOLCOMB and COCHRAN, JJ., joined.

An indictment returned in 2002 charged appellant with three counts of capital murder. TEX. PENAL CODE § 19.03.[1] Appellant

---

1. Tex. Penal Code § 19.03 Capital Murder

(a) A person commits an offense if the person commits murder as defined under Sec-

plead not guilty. The state presented evidence at the guilt phase of appellant's jury trial that, in October 2001, appellant and a female companion drove an acquaintance, Christopher Torres, to the home of Guillermo Arvizu, the intended victim, who was a known gang member, drug dealer, and firearms collector.[2] Appellant and his female companion left Torres at Arvizu's home and returned approximately twenty minutes later to pick up Torres. When Torres failed to appear, appellant took a sawed-off shotgun from his truck and, as he approached the house, accidentally discharged the shotgun. Appellant reloaded the shotgun and fired through the front door, killing Arvizu. Appellant opened the front door and entered the house, where he saw Torres interrogating Arvizu's pregnant wife and five-year-old daughter at gunpoint. As appellant left the house, Torres fatally shot Arvizu's wife and daughter. Appellant later helped Torres dispose of the pistol used to kill Arvizu's wife and daughter.[3]

Appellant requested and received a jury instruction on the lesser-included offense of murder.[4] The jury convicted appellant of the lesser-included offense in the death of Arvizu and also of capital murder in the deaths of Arvizu's wife and daughter.[5] The jury found sufficient mitigating circumstances to preclude the imposition of the death penalty, and the trial court sentenced appellant to life imprisonment in the Texas Department of Criminal Justice—Correctional Institutions Division on each of the three counts.

Appellant appealed, asserting that the evidence was both legally and factually insufficient to show that appellant possessed the intent required to be convicted of Arvizu's murder. *McKinney v. State*, 177 S.W.3d 186 (Tex.App.-Houston [1st Dist.] 2005). The court of appeals, relying on *Bradley v. State*,[6] *State v. Lee*,[7] and

---

tion 19.02(b)(1) and:

&ast; &ast; &ast;

(2) the person intentionally commits the murder in the course of committing or attempting to commit ... burglary, robbery, ...;

&ast; &ast; &ast;

(8) the person murders an individual under six years of age; ....

2. Sergeant Robert Becker of the Fort Bend Sheriff's Office testified at trial that multiple weapons were recovered from Arvizu's residence, including a .45 caliber assault rifle, a .40 caliber semi-automatic handgun, two 12-gauge shotguns, and an AR–15 assault rifle.

3. After police arrived, they discovered a four-year-old female hiding in the bathroom. The child was unharmed.

4. According to the trial-court record, the judge instructed the jury that "If you find from the evidence beyond a reasonable doubt that ... the defendant ... either acting alone or with another or others as a party to the offense did intentionally and knowingly cause the death of [the decedent] by unlawfully shooting him with a firearm, but you have reasonable doubt as to whether the defendant was then and there engaged in the commission of or attempting to commit robbery and burglary of a habitation at the time of the said shooting, if any, then you will find the defendant guilty of murder, but not capital murder."

5. In an earlier trial, Christopher Torres was convicted of two counts of capital murder in the shooting deaths of Arvizu's wife and child and was sentenced to life imprisonment. *Torres v. State*, 2004 WL 1585206, 2004 Tex.App. LEXIS 6334 (2004). In appellant's trial, the jury received an instruction on the law of parties, and appellant was also convicted of the capital murders of Arvizu's wife and child. *See* TEX. PENAL CODE §§ 7.01, 7.02.

6. 688 S.W.2d 847 (Tex.Crim.App.1985), *overruled on other grounds by Moore v. State*, 969 S.W.2d 4 (Tex.Crim.App.1998).

7. 818 S.W.2d 778 (Tex.Crim.App.1991), *overruled on other grounds by Moore v. State*, 969 S.W.2d 4 (Tex.Crim.App.1998).

*State v. Yount,*[8] reluctantly found that appellant was estopped from challenging the legal sufficiency of the evidence on the murder conviction because he had requested and received a jury instruction on the lesser-included offense of murder. The court of appeals also found that the evidence, when viewed neutrally, was factually sufficient to support the guilty verdict returned against appellant.

Although the court of appeals affirmed the decision of the trial court, it questioned the continued viability of the estoppel doctrine under these circumstances. Perhaps in anticipation of a ruling from this Court that the estoppel doctrine is no longer viable, the court of appeals conducted a legal-sufficiency review of the evidence. Viewing the evidence in a light most favorable to the verdict, the court of appeals concluded that any rational trier of fact could have found appellant guilty of murdering the victim beyond a reasonable doubt. Appellant petitioned for discretionary review, and we granted review on three grounds.[9] We affirm the judgment of the court of appeals.

### The Lesser–Included–Offense Instruction

■ This Court has implemented a two-prong test to determine whether a charge on a lesser-included offense should be given. *Mathis v. State,* 67 S.W.3d 918, 925 (Tex.Crim.App.2002)(citing *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App.

1985)). The first step is to determine whether the offense is a lesser-included offense of the offense charged. *Id.* Here, appellant, charged with capital murder, requested a lesser-included instruction on murder. We have recognized that murder is a lesser-included offense of capital murder. *Moore v. State,* 969 S.W.2d 4, 9 (Tex.Crim.App.1998); Tex.Code Crim. Proc. art. 37.09(1). Therefore, appellant satisfies the first prong of the test.

■ The second prong of the test then requires an evaluation to determine whether some evidence exists that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Mathis,* 67 S.W.3d at 925. In other words, the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Wesbrook v. State,* 29 S.W.3d 103, 113 (Tex.Crim.App.2000). If, as here, facts are elicited during trial that raise an issue of the lesser-included offense, and the charge is properly requested, then a charge must be given. *Ross v. State,* 861 S.W.2d 870, 877 (Tex.Crim.App.1993)(op. on reh'g.).

■ At trial, the state introduced appellant's voluntary written statement. In it, appellant stated that Torres asked him to bring a shotgun with him to Arvizu's house "in case there was trouble." When Torres did not appear at the designated time to be

---

**8.** 853 S.W.2d 6 (Tex.Crim.App.1993)(op. on reh'g.).

**9.** (1) The court of appeals erred in holding that appellant was estopped from complaining that the evidence was legally insufficient to support his conviction for murder because he requested and was convicted of the lesser-included offense of murder;

(2) Assuming *arguendo* that the court of appeals was bound by this Court's estoppel jurisprudence, are those cases still good law, or otherwise, were they improperly decided;

(3) Assuming *arguendo* that the court of appeals is not bound by this Court's estoppel jurisprudence, or should this Court agree with the court of appeals's reasoning that applying estoppel to this case and other criminal cases is "inappropriate," the court of appeals's legal sufficiency review of appellant's conviction of murder is conclusory, incomplete, and does not apply the proper standard of review, i.e., whether the evidence, viewed in the light most favorable to the verdict, was legally sufficient to support the conviction of murder beyond a reasonable doubt.

picked up, appellant went to Arvizu's front door carrying a shotgun. Appellant admits that he discharged the first shot into the ground outside of the front door, reloaded, cocked the shotgun, and then fired the second shot through the front door when he heard voices on the other side of the door. Nothing in the trial-court record suggests that appellant killed Arvizu while attempting to commit or committing either robbery or burglary,[10] and appellant was charged with and convicted of killing Arvizu's wife and daughter only as a party. Trial testimony raised the possibility that appellant was acting as Torres' backup and that he may not have intentionally fired the shotgun. In these circumstances, murder is a viable alternative to capital murder, the offense charged.[11] Thus, appellant satisfies the second prong of the test outlined in *Mathis* and the trial court, upon appellant's request, correctly instructed the jury on the lesser-included charge of murder.

## The Estoppel Claim

■ The estoppel rule, as it pertains to instructions on lesser-included offenses, first appeared as dicta in *Bradley*, a plurality opinion.[12] Bradley was indicted and tried for murder, but the jury convicted him of the lesser-included offense of voluntary manslaughter, despite the defendant's "vociferous[ ]"objection to this lesser-included instruction. *Id.* at 848. The Court overturned Bradley's conviction.

> We therefore conclude that, on the facts of this case, voluntary manslaughter should not have been charged as a lesser included offense of murder over the objection of the accused. Thus, we cannot resort to the rule that proof of a greater offense will sustain a conviction for the lesser included offense to justify appellant's conviction in this case. Furthermore, because voluntary manslaughter was not available to be charged as a lesser included offense to murder, the evidence must establish every element of 19.04, as an offense in its own right. Because the evidence did not raise, much less prove beyond a reasonable doubt, the element of sudden passion in this case, appellant's conviction must be reversed and a judgment of acquittal entered.

*Id.* at 853. This Court stated in dicta at the end of its opinion that, by invoking the benefit of an instruction on a lesser-included offense "in not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the [lesser] offense." *Id.*

---

10. Detective Scott Chappel testified that, despite the presence of many valuable items in the house at the time of the killings, there was no indication that any items were removed from the house after the crime.

11. Tex. Penal Code § 19.02 Murder
   (a) In this section:
      (1) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind capable of cool reflection.
      (2) "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.
   (b) A person commits an offense if he:
      (1) intentionally or knowingly causes the death of an individual;
      (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual . . .

12. Four judges concurred in the result, and two judges dissented.

In 1991, that dicta became a new rule of estoppel in *Lee*, 818 S.W.2d 778, another plurality opinion. Lee was indicted for murder, and the jury, upon his request, was instructed on the lesser-included offense of voluntary manslaughter and convicted him of that offense. *Id.* at 780–81. Lee appealed, asserting that no evidence existed to support a finding of guilt on voluntary manslaughter because there was no evidence of the existence of the required element of sudden passion. *Id.* at 780. Although this Court acknowledged that the estoppel language contained in *Bradley* was dicta, it nevertheless reversed the appellate court's judgment and order of acquittal, reinstated the conviction and sentence of the trial court, and explicitly held that, by invoking the benefit of a lesser-included-offense instruction at trial, by either explicitly requesting or failing to object to its submission to the jury, the defendant was estopped from complaining on appeal that the evidence failed to establish the requisite elements of the lesser offense. *Id.* at 781.

The most recent articulation of the estoppel rule established in *Lee* appeared in 1993 in *Yount*, 853 S.W.2d 6. The indictment charged Yount with three counts of involuntary manslaughter. The defendant requested an instruction on the lesser-included offense of misdemeanor driving while intoxicated, and the jury found the defendant guilty of that offense. *Id.* at 7. Yount then filed a motion to set aside the judgment because the statute of limitations had run on the misdemeanor offense. *Id.* Although *Yount* did not involve a waiver of legal-sufficiency review, the majority opinion quoted *Lee* and relied on its rationale in holding that the defendant waived his challenge to the misdemeanor offense of driving while intoxicated when he requested that an instruction of the lesser-included offense be submitted to the jury. *Id.* at 9.

Since *Yount*, there has been a significant confusion among the courts of appeals as to whether, on appeal, the estoppel doctrine applies to challenges to legal sufficiency of the evidence when a defendant requested and received instructions on lesser-included offenses. *See McLendon v. State*, 167 S.W.3d 503 (Tex.App.-Houston [14th Dist.] 2005, no pet.)(questioning "soundness" of estoppel rule despite application of rule); *Castillo v. State*, 7 S.W.3d 253 (Tex.App.-Austin 1999, pet. ref'd.)(questioning continued "viability" of the estoppel rule despite application of rule); *Otting v. State*, 8 S.W.3d 681 (Tex. App.-Austin 1999, pet. ref'd.)(extending estoppel rule to factual sufficiency challenges); *Bisco v. State*, 964 S.W.2d 29 (Tex.App.-Tyler 1997, pet. ref'd.)(extending estoppel rule to both legal- and factual-sufficiency challenges); *Grant v. State*, 950 S.W.2d 450 (Tex.App.-Beaumont 1997, pet. ref'd.)(applying estoppel rule to voluntary-manslaughter convictions); *Tamez v. State*, 865 S.W.2d 518 (Tex.App.-Corpus Christi 1993, pet. ref'd.)(same). If the estoppel rule is still viable, we must then consider whether the holding in *Lee* can be extended to estop defendants from challenging the factual sufficiency of the evidence on any appeal or whether the estoppel rule applies to only voluntary-manslaughter cases in which the appellant challenges the existence of evidence of sudden passion.

Appellant asserts in his first two grounds for review that, when the legal sufficiency of the evidence is challenged and an instruction on a lesser-included offense is requested and given, applying the estoppel bar "across the board" to all criminal cases violates due process. In particular, appellant contends that: (1) a defendant has an absolute right to challenge the legal sufficiency of the evidence on direct appeal, but that the estoppel rule effective-

373

ly forces a defendant to waive this right if the request for an instruction on a lesser-included offense is granted; and (2) application of the estoppel rule acts as a constructive guilty plea, thereby relieving the state of its duty to prove its case beyond a reasonable doubt and the trial court of its duty to admonish the defendant.

Consequently, appellant contends that the holding in *Lee* should be narrowly construed to estop a defendant from challenging the sufficiency of the evidence only as it pertains to the sudden-passion element of voluntary manslaughter in cases arising before a 1993 amendment to the Texas Penal Code. At the time *Lee* was decided, TEX. PENAL CODE § 19.04 defined voluntary manslaughter as causing the death of another individual "under the immediate influence of sudden passion arising from an adequate cause."[13] The current statute, which applies here, has deleted sudden passion as an element of the offense that must be proved during the guilt phase and transformed it into a defense to murder that must be proved by the defendant in the punishment phase by a preponderance of the evidence.[14]

Appellant's case is readily distinguishable from *Bradley, Lee*, and *Yount.* The opinions in *Bradley* and *Lee* were plurality opinions in cases in which the defendants were charged with murder and appealed their voluntary-manslaughter convictions on the grounds that the state failed to disprove the existence of sudden passion and thereby maintain a murder conviction.

Ostensibly, the *Bradley* Court created the estoppel rule, as appellant suggests, to prevent the state from having to prove an element (sudden passion) on appeal that it sought to disprove at trial. The *Lee* Court subsequently seized on this dicta and transformed it into binding case law. There is, however, no case law from this Court indicating that the holding in *Lee* was meant to be extended beyond this very narrow group of cases. *Yount* is also distinguishable in that it did not involve an waiver of legal-sufficiency review, but rather applied *Lee* to preclude the defendant from raising a challenge based on a claimed violation of the statute of limitations, an issue that attacks the jurisdiction of the court.

In this case, appellant was charged with capital murder. He requested and received a lesser-included offense instruction on murder and was convicted of this lesser offense. The facts of appellant's case indicate that, while the jury was also given an instruction on manslaughter, it found him guilty of murder. Therefore, unlike the defendants in *Bradley* and *Lee,* appellant is not challenging the sudden-passion element of a voluntary-manslaughter convic-

13.  Tex. Penal Code § 19.04 Voluntary Manslaughter
   (a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.
   (b) "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

   (c) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.
   (d) An offense under this section is a felony of the second degree.

14.  Tex. Penal Code § 19.04 Manslaughter
   (a) A person commits an offense if he recklessly causes the death of an individual.
   (b) An offense under this section is a felony of the second degree.

tion. Furthermore, *Lee* is not applicable to appellant's case because, by altering the definition of voluntary manslaughter, the legislature prevented the state from being placed in the untenable position of having to both attempt to disprove sudden passion at trial and then prove the very same element on appeal.

▮ Neither the United States nor Texas Constitutions provide that a defendant has a right to appeal a criminal conviction; the right to appeal is created by statute. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Griffin v. State,* 145 S.W.3d 645, 646 (Tex. Crim.App.2004); Tex.Code Crim. Proc. art. 44.02. This Court has in the past permitted a defendant to challenge the legal [15] as well as the factual sufficiency of the evidence on direct appeal.[16] The inquiry on review of the legal sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the verdict. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ross v. State,* 133 S.W.3d 618, 620 (Tex.Crim.App.2004). Because the concern is ensuring that the essential elements of the offense are proven beyond a reasonable doubt, it makes little sense to preclude a defendant from challenging the legal sufficiency of the evidence on appeal simply because he requested and received an instruction on a lesser-included offense. Likewise, it makes little sense to extend the estoppel rule to preclude a defendant from chal-

lenging the factual sufficiency of the evidence.

▮ Thus, we hold that the estoppel rule will not be applied to all criminal cases where the legal sufficiency of the evidence is challenged and a lesser-included offense instruction is requested and received, nor should the rule be extended to preclude challenges to factual sufficiency. On the contrary, application of this estoppel rule should be confined exclusively to the limited number of cases that challenge the sufficiency of the evidence as it relates to the sudden-passion element of voluntary manslaughter and that arose before September 1, 1994.[17]

▮ Appellant also asserts that application of the estoppel rule acts as a constructive guilty plea, thereby relieving the state of its duty to prove its case beyond a reasonable doubt and the trial court of its duty to admonish the defendant. Appellant's reliance on this position is misplaced. The court of appeals correctly pointed out that, when a defendant requests a charge on a lesser-included offense, he admits only that there is some evidence that, if guilty, he is guilty of that lesser offense. *McKinney,* 177 S.W.3d at 193 (citing *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993)). It does not mean that the evidence proves that appellant is guilty of the lesser offense beyond a reasonable doubt. On the contrary, the jury still must determine the weight and credibility of the evidence before deciding to convict a defendant of the offense charged, the lesser-included offense, or neither.

---

**15.** *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ross v. State,* 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).

**16.** *Clewis v. State,* 922 S.W.2d 126, 134 (Tex. Crim.App.1996); *Watson v. State,* —— S.W.3d

—— (Tex.Crim.App. No. PD–0469–05, delivered October 18, 2005).

**17.** The 1993 amendment to Tex. Penal Code § 19.04 took effect on September 1, 1994.

■ The court of appeals followed the holding of *Yount* and its progeny in ruling that appellant was estopped from challenging the legal sufficiency of the evidence, but it also (perhaps with an abundance of hope) performed both legal- and factual-sufficiency analyses. Under the rule we announce today, those sufficiency analyses were properly conducted, and we therefore affirm the judgment of the court of appeals.

KELLER, P.J., filed a concurring opinion in which KEASLER, HERVEY and COCHRAN, JJ., joined.

KELLER, P.J., filed a concurring opinion in which KEASLER, HERVEY, and COCHRAN, JJ., joined.

When a defendant requests the submission of a lesser offense and is convicted of that offense, whether he is estopped from challenging the trial court's power to impose a conviction for that offense (on the basis of legal or factual insufficiency, limitations, or lack of jurisdiction) depends on the answer to a simple question: Does the infirmity alleged with respect to the requested lesser offense apply also to the charged (greater) offense? If the answer to that question is "yes," then the defendant's claim is legitimate, and the appellate court should proceed to consider it. If the answer to that question is "no," then the defendant's claim is barred by estoppel. Not only is this distinction easy to apply, but there is a sensible reason for it, and it harmonizes all of our past cases and the outcome the Court reaches in the present case.

The reason estoppel occurs when the answer to the above question is "no" is that the defendant should not be allowed to benefit from an infirmity that he introduced. That is what the defendants in *State v. Lee*[1] and *State v. Yount*[2] attempted to do. In *Lee,* the defendant was charged with murder and requested the submission of a lesser offense instruction on voluntary manslaughter.[3] After being convicted of voluntary manslaughter, he claimed on appeal that the evidence was insufficient to show the existence of "sudden passion,"[4] a mitigating element that distinguished voluntary manslaughter from murder.[5] But "sudden passion" was not an issue in the case until the lesser offense was submitted, for the defendant's benefit. By attacking the existence of "sudden passion," the defendant was essentially asserting that a voluntary manslaughter instruction should never have been submitted in the first place. Since the defendant requested the instruction, he was estopped from making such a challenge.

In *Yount,* the defendant was charged with involuntary manslaughter, and he requested the lesser offense of driving while intoxicated (DWI).[6] After conviction, in a motion to set aside the judgment, the defendant claimed that conviction for DWI was barred by limitations.[7] But the involuntary manslaughter offense was not barred by limitations; so the limitations problem was introduced by the defendant himself in requesting the lesser offense of DWI.[8] In addressing this claim, we discussed three cases from other jurisdic-

---

1. 818 S.W.2d 778.

2. 853 S.W.2d 6 (Tex.Crim.App.1993)(op. on reh'g).

3. 818 S.W.2d at 778, 781.

4. *Id.* at 780.

5. *See* TEX. PEN.CODE §§ 19.02, 19.04 (1974).

6. 853 S.W.2d at 7.

7. *Id.*

8. *Id.* at 8.

tions: the first two held that a defendant's request for the lesser offense instruction was essentially a waiver of the statute of limitations defense while the third upheld a trial court's refusal to instruct on a lesser offense because the defendant had refused to waive limitations.[9] Under either holding, Yount could not have complained: either he procured the submission of a lesser offense that should not have been submitted due to the limitations problem, in which case he was estopped from complaining about the flaw in submission, or the valid submission of the lesser offense necessarily waived limitations, so that it was no longer a defense.

Jurisdiction provides another good illustration. By statute, a district court is permitted to try a misdemeanor that is included within a felony offense, even though the misdemeanor would not otherwise be subject to that court's jurisdiction.[10] Even without the legislation, a defendant's request for an instruction on a lesser-included offense would surely be considered a waiver of any claim that the district court lacked jurisdiction to try the misdemeanor. Of course, even with the legislation, a defendant might request a lesser, misdemeanor offense that is not in fact included within the felony offense charged. Submission of the lesser offense would be error under those circumstances, but the defendant would be estopped from complaining about such an error, caused by his own conduct.

However, when the answer to our framework question is "yes," that is, the infirmity applies to both the greater and lesser offenses, then the situation is entirely different. For example, jurisdiction

could not be conferred on the district court to try a Class B misdemeanor requested as a lesser offense by the defendant if the charged offense was only a Class A misdemeanor that was not itself within the district court's jurisdiction. In *Yount*, we dismissed as "wholly different," from the estoppel situation in those cases where limitations had run on the *charged* offense.[11] If the charged offense is barred by limitations, that infirmity is not removed simply because the defendant happened to request a lesser offense that was also time-barred. In such a case, the defendant has not introduced the limitations problem by requesting a lesser offense; the limitations problem existed at the outset of the prosecution. Finally, there is a situation like the present case, where the defendant attacks the sufficiency of the evidence to prove an element common to both the greater and lesser offenses. In that situation, the defendant has not introduced the alleged deficiency by requesting a lesser offense; rather, the alleged deficiency was inherent in the greater offense and simply carried over to the lesser offense because it contained the same element.

So, the estoppel rule articulated in *Lee* and *Yount* is valid, but applies only when the lesser offense requested by the defendant introduces the alleged infirmity to the case. I agree that the court of appeals was not barred from conducting a legal sufficiency review, and I concur in the judgment of the Court.

---

9. *Id.* at 9.

10. TEX CODE CRIM. PROC., Arts. 4.05 (jurisdiction of district courts), 4.06 (when felony includes misdemeanor); *see also* Arts. 37.08, 37.09.

11. 853 S.W.2d at 8 (distinguishing *Gallardo v. State,* 768 S.W.2d 875, 879 (Tex.App.-San Antonio 1989, pet. ref'd) and *Alston v. State,* 738 S.W.2d 762 (Tex.App.-Beaumont 1987, no pet.)).