COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-260-CR

FRANCIS M. MCDOWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Francis M. McDowell is attempting to appeal the county criminal court’s order dismissing her appeal from a Fort Worth municipal court’s judgment.  Because she has no right to appeal from the county criminal court’s order, we dismiss the appeal for want of jurisdiction.

On November 10, 2005, in a Fort Worth municipal court, McDowell was convicted by a jury of maintaining a structure in a substandard condition and was assessed a $2,000 fine, $52 in court costs, and a $3 jury fee.  The municipal court judge denied McDowell’s motion for new trial, and McDowell appealed to the county criminal court.  
See 
Tex. Gov’t Code Ann. 
§ 30.00014(a) (Vernon Supp. 2006) (providing that the county criminal courts in the county in which the municipality is located have jurisdiction of appeals from a municipal court).  After considering the parties’ briefs and oral arguments, the county criminal court held that McDowell had failed to timely file an appeal bond and dismissed the appeal for want of jurisdiction.  
See
 
Tex. Gov’t Code Ann.
 § 30.00015 (Vernon 2004) (providing that a defendant not in custody may not appeal the municipal court’s judgment until the defendant files a timely and sufficient appeal bond with the municipal court).  McDowell now attempts to appeal the county criminal court’s judgment to this court of appeals.

An appellant has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is 
affirmed 
by the appellate court.  
Tex. Gov’t Code Ann.
 § 30.00027(a) (Vernon 2004).  Because the county criminal court dismissed, rather than affirmed, McDowell’s municipal court judgment, we notified McDowell that we were concerned that the court may not have jurisdiction over this appeal because no statute authorizes an appeal from the county criminal court’s order.  We stated that unless appellant or any party desiring to continue the appeal filed with the court within ten days a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction.

McDowell filed a response, arguing that the “practical consequence” of the county criminal court’s dismissal order was to affirm the municipal court’s judgment.  She also argues, without citation to authority, that the county criminal court should have included “alternative language” in its dismissal order reciting that the appeal was dismissed or, in the alternative, the municipal court’s judgment was affirmed.  

Regardless of the “practical consequence” of the county criminal court’s dismissal order, there can be no dispute that the order did not address the merits of the appeal and did not affirm the municipal court’s judgment; instead, the order clearly states that the court lacked jurisdiction to consider the appeal and that the appeal was therefore dismissed for want of jurisdiction.  Neither the United States nor Texas Constitutions provides that a defendant has a right to appeal a criminal conviction; the right to appeal is created by statute.  
McKinney v. State
, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006) (citing 
Griffin v. Illinois
, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956), and 
Griffin v. State
, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004)).  The statute creating the right to appeal from the municipal court’s judgment provides that a defendant has the right to appeal to the court of appeals if the judgment is 
affirmed 
by the appellate court.  
Tex. Gov’t Code Ann.
 § 30.00027(a).  McDowell’s judgment was not affirmed; it was dismissed.  Accordingly, under the plain language of the statute, she does not have a right to appeal the dismissal order.  
See id.

Because there is no right to appeal from the county criminal court’s dismissal of an appeal from a municipal court, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 18, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.