Affirmed and Memorandum Opinion filed November 18, 2008








Affirmed and Memorandum Opinion filed November 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00792-CR

____________

 

TYRONE BURNELL DIXON, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1064518

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Tyrone Burnell Dixon, Jr., was convicted of
capital murder and sentenced to life in prison.  In his sole issue on appeal,
he contends the trial court erred in refusing to submit an instruction on the
lesser-included offense of murder.  We affirm. 

Background








On August 8, 2006, while working at the Speedo Gas and Food
Store (Athe Store@), Rehan Ur
Rehman, the complainant, died after he was shot twice in the head.  Two
witnesses, Markeka Venteres and Latonya Whitley, testified at trial that they
observed appellant leaving the Store wearing a brown sweat suit with a hood
over his head with his hands in his pockets, despite the hot weather.  He was
acting strange and there appeared to be something heavy in his pockets. 
Venteres testified that she and her boyfriend walked past appellant as he
exited the Store on their way inside.  Upon entering the store, Venteres and
her boyfriend discovered the complainant=s body behind the
sales counter.  Venteres testified that she and her boyfriend immediately
called 9-1-1 from the parking lot and prevented others from entering the Store
until the police arrived. 

Earlier that day, appellant=s employer, Harold
Nash, spoke with appellant outside of Nash=s home.  At the
time, Nash lived in an apartment complex across the street from the Store. 
Nash testified that appellant was wearing a brown sweat suit and brown boots. 
Appellant told Nash that he was going to the Store and that he would return to
the apartment with beer.  Following their conversation, Nash went inside his
apartment, and appellant began walking toward the Store.  After appellant
failed to return with beer, Nash and his stepson walked to the Store to
purchase beer.  When they arrived at the Store, they discovered the clerk had been
shot.  

Michael Jones, a deputy with the Harris County Sheriff=s Department, was
the first  officer to arrive at the scene.  Upon entering the store, Jones
noticed bloody footprints on the floor.  The footprints began behind the
counter next to the body and led out the front door.  Charles Reece, a crime
scene investigator for the Sheriff=s Department,
testified that the footprints were all made by the same right shoe shortly after
the complainant was shot.  One bullet was found on the floor of the Store while
the other was recovered from the complainant=s head.  A five
dollar bill was found on the floor behind the counter near the complainant=s body.  Police
also found a jar and a cigar box full of coins under the sales counter and
$2,060 in cash in a desk drawer in the office.








Appellant was arrested when he returned to Nash=s apartment
complex later that day. That evening, Venteres and Whitley both identified
appellant as the person they had seen leaving the Store, even though he was
wearing different clothing at the time of their identification.  Police found
$417 in cash and several rolls of coins wrapped in plastic on appellant=s person when he
was arrested.  DNA testing of blood recovered from several of the bills in
appellant=s possession indicated it was the complainant=s blood.  Simon
Thomas, another store employee, testified that the store regularly kept rolls
of coins wrapped in plastic like those found in appellant=s pockets.  Thomas
also testified that the cash register was empty and that approximately $800 was
missing from the Store following the shooting.

The following day, police searched the home of Howard
Handy, a pastor at a Houston area church.  Appellant was living in Handy=s home at the time
of the murder.  Appellant was unemployed when Handy offered him a room so he
could help him find work.  The police found a brown sweat suit and brown boots
when they searched appellant=s room.  Blood found on the sweat suit
pants and the right boot was determined to be the complainant=s through DNA
testing.  A Davis Industry Model .32 caliber firearm, two live rounds of .32
ammunition, and two fired shell casings were found in the pockets of the brown
sweat suit along with several rolls of coins.  Using ballistics analysis, it
was determined that the gun found in appellant=s room had fired
the two bullets that killed the complainant.

Standard of Review








To determine whether a jury should be charged on a
lesser-included offense, we must first decide whether the crime is, in fact, a
lesser-included offense of the offense charged.  Feldman v. State, 71
S.W.3d 738, 750 (Tex. Crim. App. 2002).  We then determine whether some
evidence exists from which a jury could rationally acquit the defendant of the
charged offense and convict him only of the lesser-included offense.  Id.
at 750B51.  Anything more
than a scintilla of evidence is sufficient to entitle a defendant to a charge
on the lesser-included offense, regardless of whether that evidence is weak,
impeached, or contradicted.  Saunders. v. State, 840 S.W.2d 390, 391
(Tex. Crim. App. 1992); Stadt v. State, 120 S.W.3d 428, 438 (Tex. App.
Houston [14th Dist.] 2003), aff=d 182 S.W.3d 360
(Tex. Crim. App. 2005).  In determining whether the trial court erred in
failing to give a charge on the lesser included offense, we review all of the
evidence presented at trial.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993) (citing Havard v. State, 800 S.W.2d 195, 216
(Tex. Crim. App. 1989) (opinion on reh'g)).

Analysis 

Appellant was indicted for capital murder on the theory
that he intentionally caused the shooting death of the complainant while in the
course of committing or attempting to commit the robbery of the complainant.  See
Tex. Penal Code Ann. ' 19.03 (Vernon Supp. 2008).  The first
prong of the test has been met because murder is necessarily a lesser-included
offense of capital murder.  See id.; McKinney v. State, 207
S.W.3d 366, 370 (Tex. Crim. App. 2006).  We must now determine whether there is
some evidence that appellant is guilty only of murder.  

Appellant argues that the fact police recovered some, but
not all, of the money from the crime scene is evidence that he did not commit
robbery.  He claims this evidence, coupled with the lack of any direct evidence
of his involvement in the robbery, demonstrates that he is guilty only of
murder and not capital murder because the murder did not occur during the
course of a robbery.  Because the same evidence that appellant concedes
connects him to the murder also implicates him in the robbery, we hold that the
trial court did not err in refusing to instruct the jury on the lesser-included
offense.   








It has been established that intent to commit robbery may
be inferred from circumstantial evidence.  Wolfe
v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996).  Although
there was no direct evidence that appellant committed robbery presented at
trial, the state introduced considerable circumstantial evidence of robbery. 
Appellant was the last person seen leaving the store just before the discovery
of the complainant=s body, and the gun used to kill him was
found in the pockets of the sweat suit appellant was seen wearing as he left
the Store.  Rolls of coins like those customarily kept in the Store were also
found in appellant=s sweat suit.  Appellant was carrying cash
stained with the complainant=s blood at the time of his arrest. 
Appellant=s sweat suit and right boot also had the complainant=s blood on them,
and there were footprints made by his right boot leading from the complainant=s body behind the
counter to the front door.  The cash register was empty and $800 was missing from
the Store.  The jury could easily infer from the circumstantial evidence
presented that appellant went behind the counter after shooting the complainant
and took money from the cash register.  

Appellant also argues that the lesser-included offense instruction
should have been included in the jury charge because the police found money in
the store following the murder.  Appellant claims that the presence of money at
the Store after the murder proves that he did not commit robbery.  However,
proof of a completed theft is not required to establish the underlying offense
of robbery or attempted robbery.  Bustamante v. State,
106 S.W.3d 738, 740 (Tex. Crim. App. 2003) (citing Maldonado v. State,
998 S.W.2d 239, 243 (Tex. Crim. App. 1999)).  To
show attempted robbery, the State must prove beyond a reasonable doubt that
appellant had the specific intent to commit robbery and that appellant
committed an act amounting to more than mere preparation for robbing the
victim. See Tex. Penal Code Ann. ' 15.01 (Vernon
2003); Maldonado, 998 S.W.2d at 243 (Tex. Crim. App. 1999). 








If the State introduced evidence from which the jury could
rationally conclude that appellant possessed the specific intent to obtain or
maintain control of the victim's property either before or during the
commission of the murder, it has proven the murder occurred in the course of
robbery.  See Williams v. State, 937 S.W.2d 479, 483 (Tex. Crim. App.
1996); Robertson v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993); Nelson
v. State, 848 S.W.2d 126, 132 (Tex. Crim. App. 1992).  In resolving this
question, the requisite intent may be inferred from circumstantial evidence and
from the defendant's conduct. Wolfe, 917 S.W.2d at 275; Robertson,
871 S.W.2d at 705.  Given the extensive circumstantial evidence presented at
trial indicating that appellant went behind the sales counter after shooting
the complainant and removed cash from the Store, we find that the jury could
have rationally concluded that appellant had the specific intent to commit
robbery.  Thus, there is no evidence in the record from which a rational fact
finder could find that he was guilty only of the lesser-included offense of
murder.  

Conclusion

We find that the trial court did not err in denying
appellant=s requested charge on the lesser-included offense of
murder.  The judgment of the trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion issued November 18, 2008.

Panel
consists of Justices Anderson and Frost, and Senior Justice Hudson.*

Do Not
Publish C Tex. R. App. P. 47.2(b).

 









*  Senior Justice J. Harvey Hudson sitting by
assignment.