COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| HOWARD DEWAYNE WHITE, | | No. 08-10-00020-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 163rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Orange County, Texas |
| | § | |
| Appellee. | | (TC# B-060,437-R) |
| | § | |

**O P I N I O N**

Howard Dewayne White was convicted of capital murder, and sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. He raises three issues on appeal. In Issue One, he contends the trial court abused its discretion by denying his motion to suppress. In Issue Two, he argues that he was denied his right to effective assistance of counsel at trial. In Issue Three, Appellant challenges the sufficiency of the evidence supporting the conviction.

On January 10, 2006, Appellant and his co-defendant Mr. Geroid Janice, went to Mr. Chad Stephens' house to sell a car. Ms. Latisha Runnels, Mr. Stephens' fiancé, was at the house at that time, and she saw Appellant standing outside of her bedroom window wearing a gray sweatshirt. Appellant and Mr. Janice left, but returned to finalize the sale a short time later. Mr. Stephens let the Appellant and Mr. Janice in the house. They followed Mr. Stephens to the bedroom. Mr. Stephens sat in the chair counting out the money for the vehicle. Ms. Runnels testified that she noticed that Appellant and Mr. Janice were armed. Nervous, she went into the

living room to get Mr. Stephens' gun, which she was able to hide under the sheet in the bedroom.

After completing the sale, Appellant and Mr. Janice asked Mr. Stephens to drive them home. Still uneasy about the situation, Ms. Runnels went to get her own car keys, intending to follow the men in her own car. But before she reached her purse, she saw Appellant and Mr. Janice push Mr. Stephens back into the bedroom. Appellant pointed a gun at her fiancé, and ordered him to open a personal safe.

Mr. Janice turned his gun on Ms. Runnels. Mr. Stephens started to jump across the bed to shield her, but Appellant hit Mr. Stephens in the back of the head. Mr. Stephens fell on the bed, and found the gun hidden by Ms. Runnels under the sheet. When he stood up holding the weapon, Appellant and Mr. Janice ran from the bedroom. Appellant and Mr. Janice ran out of the house and went in different directions. As Mr. Stephens and Ms. Runnels were standing at the door, Appellant came running back. When Mr. Stephens started to close the door, Appellant shot and killed him.

Appellant left and went to Mr. Janice's apartment. At the apartment, Appellant told Mr. Janice's wife what had happened. Appellant explained that after Mr. Stephens pulled out a wad of money to pay for the car, the three men started arguing. Appellant told Mrs. Janice that Mr. Stephens refused to purchase the car at that point, and that he started shooting at Appellant and Mr. Janice. According to Appellant's account, he fired several shots at Mr. Stephens to protect Mr. Janice as they fled the house. Appellant admitted that he ran from the scene and hid for a moment, placed his hand on his chest to confirm what side his heart was on, and then returned and fired several shots directly at Mr. Stephens' chest, intending to kill him.

Detective Danny Hodges assisted with the investigation of Mr. Stephens' murder. With

-2-

the help of the Police Department in Vinton, Louisiana, Detective Hodges was able to present Ms. Runnels with a photo lineup, which included a photo of Appellant. Ms. Runnels identified Appellant as the man who killed her fiancé. She testified at the pretrial hearing that it was Appellant's nose that immediately drew her attention to his photograph. Appellant filed a pretrial motion to suppress the photographic lineup, arguing that it was impermissibly suggestive and induced Ms. Runnels to make such identification. The trial court denied the motion to suppress, and the case proceeded to trial. The jury found Appellant guilty of the offense of capital murder and sentenced him to life, without the possibility of parole.

In Issue One, Appellant complains that the trial court abused its discretion by denying his motion to suppress Ms. Runnel's identification from the photo array. In particular, Appellant argues that the photo array was impermissibly suggestive, because the background of the photo depicting Appellant was lighter compared to the backgrounds in the other photographs. As a preliminary matter, however, we must address whether Appellant has preserved the alleged error for appellate review.

It is well settled that when the trial court overrules a pretrial motion to suppress, Appellant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985). However, when Appellant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Gearing*, 685 S.W.2d at 329.

At the pretrial stage, Appellant filed a motion to suppress the photographic lineup, and the trial court overruled the motion. However, when the State attempted to introduce the

evidence of the same photographic lineup during the trial as Exhibit 14, Appellant affirmatively stated that he had "no objection" to the admissibility of the array. By failing to renew the objection, Appellant waived any error in the trial court's denial of the motion to suppress. *See Gearing*, 685 S.W.2d at 329. Accordingly, Issue One is overruled based on lack of preservation.

In Issue Two, Appellant argues that trial counsel's performance was constitutionally ineffective, thereby denying him of his right to effective assistance of counsel. The Supreme Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062-63, 80 L.Ed.2d 614 (1984). The right to counsel is the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063-64. In determining whether the assistance of counsel is effective or not, we apply a two-prong test. *Id*. at 687, 104 S.Ct. at 2064. Appellant bears the burden of proving both components by a preponderance of the evidence. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005).

First, Appellant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex.Crim.App. 2010). To satisfy this prong of the analysis, Appellant must show that counsel's representation fell below an objective standard of reasonableness based upon "revailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *Perez*, 310 S.W.3d at 893. Appellate review of defense counsel's efficiency is highly deferential and indulges a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). To defeat the presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814

(Tex.Crim.App. 1999). However, in the majority of cases, the record on direct appeal are insufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). We cannot speculate that no plausible professional reason exists for counsel's specific act or omission, but should provide the counsel with an opportunity to explain his actions before being condemned as unprofessional and incompetent. *Bone*, 77 S.W.3d at 833.

Second, Appellant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Perez*, 310 S.W.3d at 893. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. To establish prejudice, Appellant must show that there is a reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant first alleges that trial counsel failed to offer effective assistance because he failed to properly investigate the case, and to present an adequate defense. Particularly, Appellant argues counsel failed to present any defensive evidence. To prove the ineffective assistance of counsel, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. In the instant case, the record provides no insight as to why counsel failed to introduce such evidence. In fact, the record is silent as to whether evidence favorable to Appellant was available for introduction. *See Bone*, 77 S.W.3d at 833. Without some evidence on the issue, the presumption that counsel provided reasonable professional assistance in this

instance stands. *See id*. Appellant has failed to carry his burden to prove by a preponderance of evidence that counsel's performance was constitutionally deficient.

Next, Appellant complains that counsel was ineffective because he conducted insufficient cross-examination of the State's witnesses. According to the record, however, trial counsel cross-examined seven out of nine witnesses put on the stand by the State. Particularly, judging from the length of the transcript, and extent of the questions, counsel's cross-examination of the key witness, Ms. Runnels, cannot be said to be limited. Therefore, Appellant has failed to carry his burden to establish deficient assistance, by a preponderance of evidence on this argument as well.

In his final argument, Appellant contends that his trial counsel's failure to request a jury charge of the lesser included offense of murder constituted ineffective assistance. Specifically, Appellant alleges that he was entitled to the jury charge of murder because the evidence demonstrates that he was not committing robbery when he shot and killed Mr. Stephens, but was fleeing from the house after Mr. Stephens began shooting at him. He also alleges that the failure to request a jury charge of the lesser included offense caused sufficient harm to him because the offense of murder carries a lesser sentence as compared with a mandatory life sentence for the offense of capital murder.

To determine whether a jury must be charged on a lesser-included offense, the court applies a two-prong test. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex.Crim.App. 2002). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Mathis*, 67 S.W.3d at 925. Second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser

offense. *Id*. Murder is a lesser-included offense of capital murder. *McKinney v. State*, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006). Therefore, appellant satisfies the first prong of the test. We must next determine whether the record contains evidence that Appellant is guilty of only murder.

At trial, Ms. Runnels testified that she saw Appellant pointing a gun at Mr. Stephens telling him to open the safe. After Mr. Stephens agreed to open the safe, Mr. Janice approached Ms. Runnels and raised up the gun. Mr. Stephens jumped across the bed to protect Ms. Runnels, and Appellant started hitting Mr. Stephens in the back of the head. Mr. Stephens reached for his gun under the sheets and raised up with it. Then Appellant and Mr. Janice started running, and Mr. Stephens chased them with his gun. When Ms. Runnels followed them into the living room, she heard a bunch of gunshots. Appellant and Mr. Janice ran out of the house in different directions. As Mr. Stephens and Ms. Runnels were standing at the door, Appellant ran back into the yard. When Mr. Stephens moved to shut the door, Appellant shot and killed him. Again, according to Ms. Runnels, Appellant killed Mr. Stephens as he was fleeing the victim's home, immediately after he pointed a gun at Mr. Stephens, demanding that he open the safe.

Because the evidence provided a basis for one to conclude that Appellant killed Mr. Stephens in the course of committing a robbery, the evidence supported submission of the capital offense charge to the jury, rather than the lesser offense of murder. *See* TEX.PEN.CODE ANN. § 19.03(a)(2)(West 2011). Appellant pointed to no mitigating evidence in the record that would entitle him to a jury charge of murder. *See Bone*, 77 S.W.3d at 837. As such, Appellant failed to demonstrate that trial counsel's failure to request such a jury charge fell below an objective standard of reasonableness, and Appellant's argument must be overruled under the first

-7-

prong of *Strikland*. *See Strickland*, 466 U.S. at 687, 694. As Appellant has not satisfied the first prong, there is no need to discuss prejudice, and Issue Two is overruled.

In Issue Three, Appellant complains that the evidence was legally and factually insufficient to support the conviction of capital murder. However, since Appellant filed his appellate brief, the Texas Court of Criminal Appeals abandoned factual sufficiency standard in criminal cases, and ruled that the legal sufficiency standard set out in *Jackson v. Virginia* is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 911-12 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue Three solely as a challenge to the legal sufficiency of the evidence. *See Brooks*, 323 S.W.3d at 899.

In reviewing the legal sufficiency of the evidence, we must consider all of the evidence in the light most favorable to the verdict, and determine whether a reasonable juror could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We must give deference to the fact finder's role as the sole judge of witness credibility, and the weight of their testimony. *Brooks*, 323 S.W.3d at 899.

An individual commits an offense of capital murder if he intentionally commits the murder in the course of committing or attempting to commit robbery. *See* TEX.PEN.CODE ANN. § 19.03(a)(2). In the course of committing robbery means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of robbery. *See Garrett v. State*, 851 S.W.2d 853, 856 (Tex.Crim.App. 1993); *see also*,

TEX.PEN.CODE ANN. § 19.03(a)(2).

Appellant argues the evidence is insufficient to support the conviction because the evidence indicates that he was trying to flee from Mr. Stephens, not committing a robbery. Regardless of the evidence of Appellant's flight however, a capital murder offense is not temporally limited to the time during which Appellant committed the robbery. *See Garrett*, 851 S.W.2d at 856. In circumstances such as these, the chronology of the offense includes the moments of Appellant's flight from the scene immediately following the commission of the robbery. *See id*. As discussed in Issue Two, Ms. Runnels testified that Appellant shot and killed Mr. Stephens in an immediate flight after he committed robbery. In light of the deference we must show to the fact finder in judging the witness credibility and the weight of the testimony, and viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable fact finder could have found beyond a reasonable doubt that Appellant shot and killed Mr. Stevens as he was fleeing the scene of a robbery. As such the evidence is legally sufficient to support the conviction for capital murder. *See Brooks*, 323 S.W.3d at 899. Issue Three is overruled.

Having overruled all three issues, we affirm the judgment of the trial court.

August 17, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)