**DISMISS; and Opinion Filed February 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00080-CR

### JAKALE ERRION CHANDLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81464-2013**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Stoddart
Opinion by Justice Brown

Jakale Errion Chandler appeals his conviction for forgery. In September 2013, appellant pleaded guilty and received a five-year sentence, probated for five years. When the State subsequently filed a motion to revoke community supervision, appellant pleaded true to the allegations in the State's motion to revoke. On December 22, 2017, the trial court found the allegations true and assessed punishment at two years in prison. Appellant filed his notice of appeal in the trial court on January 23, 2018. Because it appeared his notice of appeal was untimely, we asked appellant and the State to file letter briefs addressing the Court's jurisdiction. Appellant responded, arguing his appeal was timely because the letter he mailed to trial counsel saying he wanted to appeal, was postmarked within the thirty-day deadline for filing an appeal.

The right to appeal a criminal conviction is created by statute. *McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order and a timely filed notice of appeal. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.); TEX. R. APP. P. 26.2(a). Absent a timely filed motion for new trial, the notice of appeal must be filed within thirty days after the day sentence is imposed. TEX. R. APP. P. 26.2(a).

The judgment in this case was signed December 22, 2017. Because appellant did not file a motion for new trial, his notice of appeal was due thirty days later, or January 22, 2018. TEX. R. APP. P. 4.1, 26.2(a)(1). Appellant's notice of appeal was filed in the trial court on January 23, 2018, one day after the deadline had expired. No motion to extend time to file the notice of appeal was filed in this Court. *See* TEX. R. APP. P. 26.3. Under these circumstances, we conclude appellant's notice of appeal is untimely.

In reaching this conclusion, we reject appellant's argument that his letter, postmarked January 9, 2018 to trial counsel stating that he wanted to appeal, was timely under Texas Rule of Appellate Procedure 9.2 and *Castillo v. State*, 369 S.W.3d 196 (Tex. Crim. App. 2012).

Rule 9.2 provides that a document mailed on or before the last day for filing and received within ten days after the filing deadline is considered timely if "it was sent to the *proper clerk*." TEX. R. APP. P. 9.2 (emphasis added); *see Castillo*, 369 S.W.3d at 201 (document is timely filed if sent to the clerk of the trial court by United States Postal Service and received within ten days after filing deadline). In his jurisdictional letter brief, appellant concedes he sent the January 9th letter indicating his desire to appeal to trial counsel. He also attached a copy of the letter which is addressed to trial counsel. Because appellant did not send the letter to the clerk of the trial court, we conclude it was not timely filed under rule 9.2. *See Castillo*, 369 S.W.3d at 201.

We dismiss this appeal for want of jurisdiction.



/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

180080F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAKALE ERRION CHANDLER,
Appellant

No. 05-18-00080-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-81464-2013.
Opinion delivered by Justice Brown,
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 20th day of February, 2018.