

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,880-02

### EX PARTE DENNIS JACOB CASTILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-28189-B-2 IN THE 181ST DISTRICT COURT
### FROM RANDALL COUNTY

KELLER, P.J., delivered the opinion of the Court in which YEARY, KEEL, SLAUGHTER and MCCLURE, JJ., joined. HERVEY, RICHARDSON and NEWELL, JJ., concurred. WALKER, J., dissented.

We consider how to proceed when a defendant timely expresses a wish to appeal, no notice of appeal is filed, and the trial court's certification says that there is no right to appeal because the conviction is the result of a plea agreement. Because a defendant in that situation had no right to appeal, he suffers no prejudice even if counsel performed deficiently in failing to file a notice of appeal. Although the Supreme Court has concluded that a presumption of prejudice applies when a defendant waives an appeal, this case concerns a certification showing no right to appeal rather than mere waiver of appeal. Although a waiver might not completely extinguish every possible appellate claim, a person in Applicant's situation has extinguished every possible appellate claim.

## I. RELEVANT STATUTES AND RULES

There is no federal or Texas constitutional right to appeal a criminal conviction; any right to appeal is conferred solely by statute.[1] In Texas, a defendant who pleads guilty pursuant to a plea bargain that the trial court follows has no statutory right to appeal, except as to matters raised in writing before trial, when the trial court gives permission to appeal, or in certain cases involving appeals from justice or municipal courts (specified in a different statute).[2] In line with statute, the applicable appellate rule provides only three situations in which an appeal is allowed in a plea-bargain case:  (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.[3] We have held that those situations are exclusive; in any other situation, no appeal is authorized, even when the challenge is jurisdictional or is to the voluntariness of the plea.[4]

## II. BACKGROUND

Applicant pled guilty pursuant to a plea bargain.  The trial court's certification form in this case displays five checkboxes detailing five options regarding the right of appeal.  Two options are

---

[1] *McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006).

[2] TEX. CODE CRIM. PROC. art. 44.02.  Art. 44.02 specifies that the prohibition against appeal applies when the defendant pleads guilty or nolo contendere and "the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *Id.* Appeals under Art. 44.17 are exempted from the statutory prohibition against appeals in these agreement-type cases. *Id.* Article 44.17 deals with certain appeals from justice and municipal courts. *Id.* art. 44.17.

[3] TEX. R. APP. P. 25.2(a)(2).  The term "plea bargain" has a specific meaning under the rule, in line with the language of the statute.  *See id.* ("a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant").

[4] *Griffin v. State*, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004).

checked, saying that the case "is a plea bargain case and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." Left blank are the following options: the case "is not a plea-bargain case, and the defendant has the right of appeal," the case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal," and the case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." Applicant and his trial attorney signed the certification form. No notice of appeal was filed.[5]

In this habeas application, Applicant contends, as pertinent here, that trial counsel was ineffective for failing to file a notice of appeal. Trial counsel responded that on the day of Applicant's plea, Applicant's mother sent a message saying that Applicant wanted to appeal. Counsel said he emailed the trial court and asked that appellate counsel be appointed because trial counsel did not handle appeals.

In its findings, the habeas court agreed with trial counsel's recitation of events. The court further found that, although trial counsel requested the appointment of appellate counsel, he did not file a notice of appeal. The court also found that Applicant would have timely filed a notice of appeal but for counsel's mistaken belief that his email notification to the court would suffice to protect Applicant's right to appeal.[6]

---

[5] The record also includes a waiver of appeal signed by Applicant and his trial attorney. It states that, after being informed of his appellate rights, Applicant did "hereby voluntarily, knowingly, and intelligently waive my right to appeal. This waiver of appeal includes the waiver of my right to appeal the issue of whether my plea was voluntarily and understandingly made."

[6] The habeas court also found that, twenty days later, Applicant's mother sent another message to counsel, suggesting that Applicant had changed his mind and no longer wished to appeal. But the habeas court further found that trial counsel, having already informed the trial court of Applicant's desire to appeal, disregarded that message and did not confer directly with Applicant to

### III. ANALYSIS

Under *Garza v. Idaho*, even when a defendant has waived appeal, his attorney has a duty to file a notice of appeal if the defendant so requests, and there is a presumption of prejudice if the notice is not filed.[7] The Supreme Court explicitly based this presumption of prejudice on the fact that "no appeal waiver serves as an absolute bar to all appellate claims."[8] On the certification form in Applicant's case, one of the options checked is that Applicant waived his right to appeal. If that were the only option checked, then *Garza* would control.

But there is another reason that Applicant cannot appeal in this case. This is not a case where Applicant had a right to appeal and waived it. He did not in fact have a right to appeal to begin with. In conformity with the appellate rules, the certification form set out five options.[9] One of the options selected on Applicant's certification form was that the case was a plea-bargain case and Applicant had no right of appeal. The pretrial-motions and permission-to-appeal options were not selected on Applicant's form, so those two statutory bases for appealing in a plea-bargain case are not at issue. This case does not involve an appeal from a justice or municipal court, and we know of no statute that would authorize Applicant's appeal despite the plea-bargain status of the case, so situation (C) in the appellate rules does not apply. Consequently, the statement in Applicant's certification form

---

confirm or disconfirm his wishes with respect to an appeal.

[7] 139 S. Ct. 738, 749-50 (2019).

[8] 139 S.Ct. at 744, 749-50 (" [T]he presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether a defendant has signed an appeal waiver. This ruling follows squarely from *Flores-Ortega* and from the fact that even the broadest appeal waiver does not deprive a defendant of all appellate claims.").

[9] *See* TEX. R. APP. P. 25.2 & Appendix D.

that he has no right of appeal reflects that Applicant had no right to appeal any issue in the case. Although Applicant purported to waive a right to appeal, he in fact had no right to appeal to waive. Even though a waiver is not an absolute bar to all possible claims when a defendant waives a right to appeal that he would otherwise have had, Applicant's situation is different because he never had a right to appeal to begin with. Because he does not fit within any of the narrow situations that allow appeals by plea-bargaining defendants, he never had a right to appeal at all and, consequently, all possible appellate claims were barred in his case.

Importantly, Applicant was still represented by trial counsel when the certification form was created. Trial counsel signed it and Applicant himself signed it. The certification confirms that Applicant had no statutory right to appeal. Because the certification shows an absolute bar to all appellate claims in Applicant's case, his attorney's failure to file a notice of appeal did not prejudice him.

Finding no meritorious claims,[10] we deny relief.

Delivered: October 12, 2022
Publish

---

[10] Applicant presents one other claim in his habeas application. We deny it based on trial counsel's affidavit and the habeas trial court's findings.