NO. 07-08-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2009

_____

TONY PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17465-0712; HONORABLE ROBERT W. KINKAID, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Tony Perez appeals from his conviction of the offense of theft of property and the resulting sentence of two years confinement in a state jail facility of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In December 2007, appellant was indicted for the offense of theft of property in the amount of more than $1,500 and less than $20,000.[1]  On appellant's not guilty plea, the matter was tried to a jury in February 2008.  The State's evidence showed stolen property was found in the back of appellant's pickup in October 2007.  Appellant, who was then a passenger, gave officers conflicting stories about the property.  Appellant testified at trial.  He did not deny knowing the property was stolen but contended he did not steal it.  He argued he was manipulated by his friend, who was driving the pickup when the property was found.  Appellant also testified to injuries sustained in an accident that left him with brain damage.  Appellant further argued the evidence did not demonstrate beyond a reasonable doubt the property had a fair market value of more than $1500.

The court's charge instructed the jury on the law of parties, and permitted the jury to find appellant not guilty, guilty as indicted or guilty of the lesser offense of theft of property of a value of $500 or more but less than $1500.  The jury found appellant guilty as charged in the indictment, and assessed the sentence we have noted.  Appellant timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of the case

---

[1] *See* Tex. Penal Code Ann. § 31.03(e)(4) (Vernon 2007).

and appellant's jury trial.  Counsel discusses the applicable law and sets forth the reasons he concludes the record presents no arguably meritorious appellate issues.  Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd).  By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel.  Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel notes that he has considered whether the evidence presented at trial was legally and factually sufficient to support appellant's conviction for theft of property in an amount more than $1,500 and less than $20,000.  Counsel sets forth a detailed recitation of the testimony and evidence at trial.  In making a determination of legal sufficiency,  we must decide if, after reviewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  In determining factual sufficiency, we view all of the evidence in a neutral light and only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  After a complete review of the record,

3

we agree with appellate counsel that the grounds identified do not arguably support an appeal.  *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McKinney v. State,* 207 S.W.3d 366, 374 (Tex.Crim.App. 2006) (setting forth standard for review of legal sufficiency of the evidence)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Johnson v. State,* 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000) (factual sufficiency).

Our review convinces us that appellate counsel conducted a complete review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  We agree it presents no arguably meritorious grounds for review.  Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  *See* Tex. R. App. P. 48.4.

4