**Dismissed and Opinion Filed August 18, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00978-CR
No. 05-15-00979-CR
No. 05-15-00980-CR

**SENRICK WILKERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. W08-60213-F, W10-01183-F, W10-01184-F

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

Senrick Wilkerson was convicted of compelling prostitution, sexual performance by a child, and sexual assault of a child. The trial court sentenced him to eight years' imprisonment in each case. The convictions were affirmed on direct appeal. *Wilkerson v. State*, No. 05-11-00060—00062-CR, 2012 WL 2877623 (Tex. App.—Dallas July 16, 2012, pet. ref'd) (not designated for publication).[1] The Court now has before it appellant's pro se "motion for appeal" from the trial court's presumed denial of his pro se motion to vacate the judgments. We conclude we have no jurisdiction over the appeals.

---

[1] The order denying his motion for post-conviction DNA testing in trial court nos. F10-01183-J and F10-01184-J was also affirmed on direct appeal. *Wilkerson v. State*, Nos. 05-14-00007—00008-CR, 2015 WL 139387 (Tex. App.— Dallas Jan. 12, 2015, no pet.) (mem. op., not designated for publication).

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

The trial court has not issued an order ruling on appellant's motion to vacate the judgments. Moreover, the motion is a collateral attack on the judgments of conviction. Therefore, even had the trial court issued a written order denying the motion, the order would not be appealable to this Court. The post-conviction habeas corpus procedure set out in Texas Code of Criminal Procedure is the sole procedure by which to collaterally attack final felony convictions, and this Court does not have jurisdiction over such proceedings. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2015).

We dismiss the appeals for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
150978F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-00978-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. W08-60213-F.
Opinion delivered by Justice Bridges,
Justices Lang and Schenck participating.

      Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered August 18, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-00979-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. W10-01183-F.
Opinion delivered by Justice Bridges,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered August 18, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-00980-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. W10-01184-F.
Opinion delivered by Justice Bridges,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered August 18, 2015.