**DISMISS; and Opinion Filed September 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01094-CR

### ARTIS GRANVILLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F97-45891-R**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

Appellant filed a pro se notice of appeal on September 10, 2015 referencing a "judgment/sentence" date of September 3, 1997. The notice of appeal, other than indicating a "motion for new trial" was filed on August 26, 2015, does not indicate that any new, appealable order was entered by the trial court.[1] We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

---

[1] This is appellant's second pro se notice of appeal regarding this case in the last two months. We dismissed the previous appeal for want of jurisdiction. *Granville v. State*, No. 05-15-00872-CR (Tex. App.–Dallas July 29, 2015, no pet.).

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Appellant's September 10, 2015 notice of appeal is untimely as to the September 3, 1997 sentencing date, *see* TEX. R. APP. P. 26.2(a), and no further appealable orders have been entered by the trial court. Therefore, we have no jurisdiction over this appeal.

We dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151094F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ARTIS GRANVILLE, Appellant

No. 05-15-01094-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F97-45891-R.

Opinion delivered by Justice Lang-Miers, Justices Brown and Schenck participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 14th day of September, 2015.