**Dismissed and Opinion Filed September 16, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-01096-CR

**SCOTT BARRIE MELTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81503-2011**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Scott Barrie Melton was convicted of possession of marijuana in an amount of five pounds or less but more than four ounces. Pursuant to a plea bargain, the trial court sentenced appellant to nine months' confinement in a state jail facility. Sentence was imposed in open court on March 19, 2012. Appellant waived his right to appeal in conjunction with the plea agreement, and the trial court certified that appellant did not have the right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).[1] The Court now has before it appellant's September 10, 2015 pro se notice of appeal. We conclude we lack jurisdiction over the appeal.

---

[1] Appellant's original appeal of the conviction was dismissed for want of jurisdiction. *Melton v. State*, No. 05-12-00547-CR (Tex. App ─ Dallas June 5, 2012, no pet.).

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Appellant's September 10, 2015 notice of appeal is untimely as to the March 19, 2012 sentencing date, *see* TEX. R. APP. P. 26.2(a), and no further appealable orders have been entered by the trial court. Therefore, we have no jurisdiction over this appeal.

We dismiss the appeal for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
151096F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SCOTT BARRIE MELTON, Appellant

No. 05-15-01096-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-81503-2011.
Opinion delivered by Justice Myers, Justices Bridges and Francis participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 16th day of September, 2015.