**Dismissed and Opinion Filed October 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00953-CR

### ROBERT EARL MARZETT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-85822-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Robert Earl Marzett was convicted by the Plano Municipal Court of Record of operating a motor vehicle without registration for the vehicle and fined $90. He appealed to the County Court at Law No. 1. The County Court at Law No. 1 affirmed the municipal court on May 18, 2015. On June 17, 2015 appellant filed a motion and an amended motion to extend time to file a motion for rehearing. Appellant did not tender a motion for rehearing. Rather, the extension motion sought an extension until July 17, 2015 to file a motion for rehearing. On July 15, 2015, appellant filed a notice of appeal. Because the notice of appeal was untimely as to the May 18, 2015 judgment date, we sent the parties a letter questioning our jurisdiction over the appeal.

Appellant responded that his notice of appeal was timely because it was filed within thirty days of the County Court at Law No. 1's June 19, 2015 denial of his amended motion to

extend time to file a motion for rehearing.[1]  Appellant asserts that he did not receive notice that the trial court had denied the motion, and he filed his notice of appeal on July 15, 2015 in accordance with Texas Rule of Appellate Procedure 26.2.  The State did not respond to our jurisdictional inquiry.  We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)).  The right to appeal in a criminal case is a statutorily created right.  *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004).  *See also* Tex. Code Crim. P. Ann. art. 44.02 (West 2006) (providing right of appeal for defendant); Tex. R. App. P. 25.2(a)(2) (rules for appeal by defendant).  Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order.  *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

To invoke an appellate court's jurisdiction, the party appealing must file a timely notice of appeal.  *See Olivo*, 918 S.W.2d at 522.  Absent a timely, effective motion for new trial, a notice of appeal is due within thirty days of the date sentence is suspended or imposed in open court or an appealable order is entered.  *See* Tex. R. App. P. 26.2(a)(1).  If a timely notice of appeal is not filed, an appellate court has no authority to take any action except to dismiss an

---

[1] The clerk's record does not contain an order denying appellant's motion and amended motion to extend time to file a motion for rehearing. Rather, there is a June 19, 2015 entry on the case summary that states "Judge's Docket Entry", "*Appellant's Amended Motion to Extend Time to File Motion for Rehearing Denied.*"

appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523.

We need not address whether a timely motion for rehearing would be effective to extend the time to file a notice of appeal from a county court at law judgment affirming a municipal court of record. *See, e.g., Swain v. State*, 219 S.W.3d 878, 880 (Tex. App.—Fort Worth 2010, no pet.) (per curiam) (motion for new trial not effective to extend time to file notice of appeal from county criminal court's judgment affirming municipal court of record). Appellant never filed a motion for rehearing. Rather, thirty days after the County Court at Law No. 1 issued its judgment affirming the municipal court, appellant filed a motion seeking a thirty-day extension of time to file a motion for rehearing. He did not file a notice of appeal until twenty-six days after the date the docket sheet indicates the County Court at Law No. 1 denied the extension motion.

In this case, the operative date from which the deadline for appellant's notice of appeal ran was May 18, 2015, the date of the County Court at Law No. 1's judgment affirming the municipal court. *See* TEX. R. APP. P. 26.2(a)(1). Appellant did not file any post-judgment motion that would have been effective to extend the time to file his notice of appeal. Therefore, his notice of appeal was due by June 17, 2015. *See id.* Appellant's July 15, 2015 notice of appeal is untimely, leaving us without jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

We dismiss the appeal for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
150953F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

ROBERT EARL MARZETT, Appellant

No. 05-15-00953-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas
Trial Court Cause No. 001-85822-2014.
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered October 5, 2015.