**Dismissed and Opinion Filed December 4, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01311-CR

**KEDDRICK LEE LOCKETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-56561-V**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Keddrick Lee Lockett pleaded guilty to aggravated assault with a deadly weapon, a hand. Appellant and the State entered an agreement that provided for a maximum punishment of imprisonment for seven years. The trial court sentenced appellant to imprisonment for five years. The Court now has before it appellant's motion to determine appellate jurisdiction, which raises two jurisdictional concerns. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

One of the jurisdictional issues the motion raises is the existence of a plea bargain agreement.[1] There are two basic types of plea bargains: charge-bargaining and sentence-bargaining. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Charge bargaining involves agreements related to the offense and the possible dispositions of other charges. *See id*. Sentence-bargaining involves punishment, and includes agreements to a maximum sentence, even if there is no agreement as to the actual sentence imposed up to that maximum. *See id*.

In this case, appellant and the State agreed appellant would plead guilty in exchange for a sentence not to exceed seven years. The trial court sentenced appellant to imprisonment for five years. Thus, appellant's case involves a plea bargain agreement that is subject to rule 25.2. *See* TEX. R. APP. P. 25.2(a), (d); *see Shankle*, 119 S.W.3d at 813. Additionally, the plea agreement form contains appellant's waiver of his right to appeal. The record reflects the trial court stated appellant had the right to appeal based on the erroneous belief the plea was "open." The trial court did not give appellant the right to appeal from the plea-bargained conviction. Therefore, the trial court's certification that the case does not involve a plea bargain agreement is not

---

[1] The motion also raises the issue of the timeliness of the notice of appeal. However, the documents in the record contain an envelope that bears a July 21, 2015 postmark, which is within thirty days of the June 25, 2015 sentencing date. *See* TEX. R. APP. P. 9.2(b) (mailbox rule).

supported by the record. *See* TEX. R. APP. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

Because appellant pleaded guilty and was sentenced under the terms of his plea agreement, and he waived his right to appeal, we lack jurisdiction over the appeal. We dismiss the appeal for want of jurisdiction.


/Molly Francis/

Do Not Publish
TEX. R. APP. P. 47
151311F.U05

MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEDDRICK LEE LOCKETT, Appellant

No. 05-15-01311-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-56561-V.
Opinion delivered by Justice Francis.
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 4, 2015.

–4–