**Dismissed and Opinion Filed December 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01334-CR
No. 05-15-01335-CR
No. 05-15-01336-CR

**MICHAEL WATTS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 32386-422, 32387-422, 32388-422**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Michael Watts was convicted, on his guilty pleas, of three offenses of continuous sexual abuse of a child under fourteen years of age. In each case, the trial court followed plea bargain agreements and assessed punishment at thirty years' imprisonment and a $1,000 fine. Appellant waived his right to appeal as part of the plea agreements. The trial court certified both that appellant waived his right to appeal and he has no right to appeal the plea bargains. Sentence was imposed in open court on July 14, 2015. Appellant filed a pro se motion for new trial that same date and a pro se notice of appeal on November 2, 2015. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

In response to our letter inquiring about our jurisdiction over the appeals, appellant responded essentially challenging the voluntariness of his pleas and the effectiveness of trial counsel. The State responded that appellant waived his right to appeal as part of the plea bargains that were entered after the trial court granted his motion for new trial following his 2014 convictions on the lesser-included offenses of indecency with a child. The State also responded that appellant's notice of appeal is untimely as to the July 14, 2015 sentencing date.

The record reflects appellant was indicted in each case for continuous sexual abuse of a child. On June 25, 2014, appellant pleaded guilty to the lesser-included offense of indecency with a child and was sentenced twenty years' imprisonment in each case. The trial court granted appellant's motion for new trial on July 22, 2014. On July 14, 2015, appellant pleaded guilty to the continuous sexual abuse of a child offenses alleged in the indictments and was sentenced to thirty years' imprisonment and a $1,000 fine in each case. Appellant filed a pro se motion for new trial on July 14, 2015. He filed a pro se notice of appeal on November 2, 2015. The

envelope in which his notice of appeal was mailed is post-marked October 30, 2015. The body of the notice of the appeal states that it was prepared on October 29, 2015.

To be timely, appellant's notice of appeal was due by October 13, 2015. *See* TEX. R. APP. P. 26.2(a)(2). To obtain the benefit of the extension period provided by rule 26.3, appellant had to file both his notice of appeal in the trial court and an extension motion in this Court within fifteen days of October 13, 2015, that is by October 28, 2015. *See* TEX. R. APP. P. 26.3; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 522. Appellant's notice of appeal, on its face, shows it was not prepared until after the fifteen-day extension period had expired. Therefore, the notice of appeal is untimely, leaving us without jurisdiction over the appeals. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Additionally, appellant pleaded guilty and was sentenced in accordance with plea bargain agreements. Appellant waived his right to appeal as part of the agreements, *see Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000), and the trial court certified appellant has no right to appeal the convictions. *See* TEX. R. APP. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Therefore, we have no jurisdiction over the appeals.

We dismiss the appeals for want of jurisdiction.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151334F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL WATTS, Appellant

No. 05-15-01334-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 32386-422.
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 22nd day of December, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL WATTS, Appellant

No. 05-15-01335-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 32387-422.
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 22nd day of December, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL WATTS, Appellant

No. 05-15-01336-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 32388-422.
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 22nd day of December, 2015.