**DISMISS; and Opinion Filed July 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00819-CR
No. 05-16-00820-CR

**SAMUEL D. KIM, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-82735-2014 & 199-82736-2014**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Schenck

Samuel D. Kim, Jr. entered open pleas of guilty to two aggravated robbery offenses. On May 28, 2015, the trial court found appellant guilty and assessed punishment at concurrent twenty-year sentences. Absent timely motions for new trial, appellant's notices of appeal were due by June 27, 2015. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed notices of appeal in the trial court on May 18, 2016 and in this Court on July 1, 2016. We conclude we lack jurisdiction over these appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

A timely-filed notice of appeal vests the courts of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522. To be timely, appellant's notices of appeal were due by June 27, 2015. *See* TEX. R. APP. P. 26.2(a)(2). To obtain the benefit of the extension period provided by rule 26.3, appellant had to file both his notices of appeal in the trial court and an extension motion in this Court within fifteen days of June 27, 2015, that is, by July 12, 2015. *See* TEX. R. APP. P. 26.3; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 522. The notices of appeal filed in this Court show they were prepared July 1, 2016, after the fifteen-day extension period had expired. Therefore, the notices of appeal are untimely, leaving us without jurisdiction over the appeals. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

We dismiss these appeals for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160819F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL D. KIM, JR., Appellant

No. 05-16-00819-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-82735-2014.
Opinion delivered by Justice Schenck, Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 25th day of July, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL D. KIM, JR., Appellant

No. 05-16-00820-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-82736-2014.
Opinion delivered by Justice Schenck, Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 25th day of July, 2016.