**DISMISS; and Opinion Filed December 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01309-CR

**SHANIQIA LEWIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-75073-V**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Myers
Opinion by Justice Lang-Miers

Shaniqia Lewis appeals her conviction for aggravated robbery. After appellant pleaded guilty pursuant to a plea bargain with the State, the trial court found her guilty and, following the terms of the plea bargain agreement, assessed punishment at five years in prison. The trial court also found appellant used and exhibited a deadly weapon during commission of the offense.

Jurisdiction concerns the court's power to hear and determine a case. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked; if it is not, "the power of the court to act is as absent as if it did not exist." *See id*. at 523. Whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). The right to appeal in a criminal case is statutorily created. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*,

145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order and a timely filed notice of appeal. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); TEX. R. APP. P. 26.2.

The judgment was signed September 16, 2016. Absent a timely motion for new trial, appellant's notice of appeal was due thirty days later, or October 17, 2016. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Her notice of appeal was filed October 21, 2016; the envelope in which it was mailed was postmarked October 18, 2016. Because appellant's notice of appeal was late and no motion to extend time was filed in this Court, we conclude we lack jurisdiction over this appeal. *See* TEX. R. APP. P. 26.3.

Furthermore, we note appellant pleaded guilty pursuant to a plea bargain agreement with the State in which she waived her right to appeal. The trial court followed the plea agreement when assessing punishment and certified that appellant had no right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Thus, even if appellant's notice of appeal had been timely, she waived her right to appeal.

We dismiss this appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161309F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SHANIQIA LEWIS, Appellant

No. 05-16-01309-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F16-75073-V.

Opinion delivered by Justice Lang-Miers, Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 29th day of December, 2016.