**Dismissed; Opinion Filed February 16, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00109-CR

### KENDRICK LAMONT JOHNSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F13-58098-L**

## MEMORANDUM OPINION

Before Justices Evans, Stoddart, and Boatright
Opinion by Justice Evans

Kendrick Lamont Johnson appeals his February 16, 2016 conviction for murder. Appellant filed a notice of appeal with this Court on February 1, 2017. We dismiss this appeal for lack of jurisdiction.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a

criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order and a timely filed notice of appeal. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); TEX. R. APP. P. 26.2(a).

Appellant was convicted and sentenced on February 16, 2016; absent a timely motion for new trial, appellant's notice of appeal was due March 17, 2016. TEX. R. APP. P. 26.2(a). Appellant filed his notice of appeal on February 1, 2017, outside the thirty-day period allowed by rule 26.2. Because appellant's notice of appeal is untimely, we lack jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.

/David W. Evans/

Do Not Publish
TEX. R. APP. P. 47.2(b)
170109F.U05

DAVID EVANS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KENDRICK LAMONT JOHNSON,
Appellant

No. 05-17-00109-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-58098-L.
Opinion delivered by Justice Evans, Justices
Stoddart and Boatright participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 16th day of February, 2017.