**Dismissed; Opinion Filed October 16, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00836-CR

### JERSON MORENO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F18-34361-I**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

Before the Court is the State's July 22, 2019 motion to dismiss this appeal. In the motion, the State raised two grounds for dismissal: the notice of appeal was untimely and the trial court's certification of appellant's right to appeal shows appellant does not have the right to appeal. We deferred ruling on the motion until the clerk's record was filed on September 30, 2019.

A review of the clerk's record shows that, on November 1, 2018, appellant pleaded guilty to burglary of a habitation and was placed on deferred adjudication for four years. Thereafter, the State filed three motions to proceed with adjudication alleging appellant violated six conditions of his community supervision. Appellant pleaded true to each allegation, and on May 30, 2019, the trial court found appellant guilty and assessed punishment at six years in prison. On July 10, 2019, appellant filed his notice of appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). A timely-filed notice of appeal vests a court of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522.

Absent a timely filed motion for new trial, appellant's notice of appeal was due July 1, 2019. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notice of appeal was filed in the trial court on July 10, 2019. The notice of appeal is untimely, leaving us without jurisdiction over the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523.

We grant the State's motion and dismiss this appeal for want of jurisdiction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190836F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JERSON MORENO, Appellant

No. 05-19-00836-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F18-34361-I.
Opinion delivered by Justice Partida-Kipness, Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 16th day of October, 2019.