**Dismissed and Opinion Filed October 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01242-CR

**RODOLFO MARTIN GRANADOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80827-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

Rodolfo Martin Granados appeals his conviction for continuous sexual abuse of a child under fourteen years of age. The clerk's record shows that appellant pleaded guilty to continuous sexual abuse of a child under fourteen years of age in exchange for the State's agreement to abandon two other counts. On July 17, 2019, the trial court found appellant guilty and assessed punishment at thirty years in prison. The trial court's certification of appellant's right to appeal states this is a plea-bargain case and appellant has no right of appeal. Appellant did not file a motion for new trial. On October 10, 2019, appellant filed his pro se notice of appeal in the trial court.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523.

The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). A timely-filed notice of appeal vests a court of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522.

Absent a timely filed motion for new trial, appellant's notice of appeal was due August 16, 2019. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was filed in the trial court on October 10, 2019. Because no motion for new trial was filed, appellant's notice of appeal is untimely and we lack jurisdiction over the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523.[1]

We dismiss this appeal for want of jurisdiction.

/Bill Pedersen, III/.
BILL PEDERSEN. III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

191242f.u05

---

[1] Appellant's remedy does not lie with this Court, but rather with the authority of the Texas Court of Criminal Appeals to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODOLFO MARTIN GRANADOS,
Appellant

No. 05-19-01242-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-80827-2019.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 21st day of October, 2019.