**Dismiss; Opinion Filed January 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00009-CR

### MICHELLE RENE MCCARTHY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-34762-V**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

After being indicted for aggravated assault with a deadly weapon, Michelle Rene McCarthy entered into a plea agreement with the State. Under the terms of the agreement, appellant agreed to plead guilty in exchange for the State's recommendation of three years deferred community supervision and a $2,500 fine. On November 6, 2019, the trial court admonished appellant, accepted her guilty plea, and assessed punishment in accordance with the plea bargain agreement. The trial court also certified that appellant waived her right to appeal. Appellant then filed her pro se notice of appeal in the trial court.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523.  The right to appeal in a criminal case is a statutorily created right.  *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).  A timely-filed notice of appeal vests the courts of appeals with jurisdiction.  *Olivo*, 918 S.W.2d at 522.

To be timely, appellant's notice of appeal was due December 6, 2019.  *See* TEX. R. APP. P. 26.2(a)(2).  Appellant's handwritten notice of appeal, filed in the trial court, was dated December 17 and postmarked December 19, 2019, outside the thirty-day period for filing a notice of appeal.  Because appellant's notice of appeal is untimely, we lack jurisdiction over the appeal.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523.

We dismiss this appeal for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200009F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHELLE RENE MCCARTHY,
Appellant

No. 05-20-00009-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F19-34762-V.
Opinion delivered by Justice Schenck,
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 27th day of January, 2020.