**DISMISS and Opinion Filed April 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00189-CR**

**SHEDRICK JERMAINE THORTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F14-76804-H**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

On March 8, 2022, Shedrick Jermaine Thorton filed his notice of appeal in this case. Three weeks later, the State filed a motion to dismiss, contending that the notice of appeal was untimely. After reviewing the clerk's record, the reporter's record, and the State's motion, we will grant the motion and dismiss this appeal.

In August of 2015, appellant was charged with violation of a protective order or bond condition – assault stalking. On January 12, 2017, after appellant pleaded guilty, the trial court found him guilty and assessed punishment at ten years, probated for ten years; the trial court's judgment states that appellant's probated sentence was to "start after [his six-year] sentence in #F14-76803-H has been

discharged." On September 11, 2019, appellant filed a notice of appeal in the trial court.[1] On February 9, 2022, after he was released in trial court cause #F14-76803-H, the trial court set the conditions of his probation in this case. Five days later, the trial court modified the conditions of his probation to include electronic monitoring. Appellant then filed a notice of appeal with this Court, seeking to challenge "the trial court's decision to enforce a 10 year probation sentence, that was ordered against him on January 12, 2017."

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked; if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

---

[1] For reasons that are unclear, the 2019 notice of appeal was not forwarded to this Court until the clerk's record in this appeal was filed on April 8, 2022.

A timely-filed notice of appeal vests the courts of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522. Absent a timely filed motion for new trial, appellant's notice of appeal was due by February 13, 2017. *See* TEX. R. APP. P. 26.2(a)(2). To obtain the benefit of the extension period provided by rule 26.3, appellant had to file his notice of appeal in the trial court and an extension motion in this Court by February 27, 2017. *See* TEX. R. APP. P. 26.3; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 522. The notice of appeal filed in this Court shows it was prepared and postmarked on March 4, 2022. Even if we were to consider his September 11, 2019 notice of appeal, that notice is also untimely. Because appellant's notice of appeal is untimely, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

We dismiss this appeal.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220189F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHEDRICK JERMAINE
THORTON, Appellant

No. 05-22-00189-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F14-76804-H.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for lack
of jurisdiction.

Judgment entered April 12, 2022